IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REVERE TACTICAL OPPORTUNITIES REIT, LLC, | } |
| | } No. 3:24-cv-0052-SLH |
| Plaintiff, | } |
| | } Judge Haines |
| vs. | } |
| | } |
| JEFFERSON HILLS ACQUISITION LLC, *ET AL.*, | } |
| | } |
| | } ***Electronically Filed.*** |
| Defendants. | } |

**OBJECTIONS TO RECEIVER'S MOTION PURSUANT TO ORDER OF MARCH 7, 2024 (ECF 4), PARAGRAPH 4(s) FOR ORDER APPROVING SALE OF RECEIVERSHIP ASSETS**

AND NOW, comes the Objector, Pennsylvania Department of Human Services ("the Department" or "PA DHS"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Nicole R. DiTomo, Chief Deputy Attorney General, Chief Litigation Section, and submit the following Objection to the Receiver's Motion Pursuant to Order of March 7, 2024 (ECF 4), Paragraph 4(s) for Order Approving Sale of Receivership Assets [ECF 46]:

**OBJECTION**

1. Plaintiff, Revere Tactical Opportunities REIT, LLC ("Revere Tactical"), is a Real Estate Investment Trust that entered into a loan agreement in June of 2022 with the Defendants.

2. The Defendants are six Skilled Nursing Facilities located in Allegheny County, Beaver County, Jefferson County, Clearfield County, McKean County and Westmoreland County.

3. The six Skilled Nursing Facilities at issue are: (1) Jefferson Hills Healthcare and Rehabilitation Center; (2) Lakeview Healthcare and Rehabilitation Center; (3) Ridgeview Healthcare and Rehabilitation Center; (4) Scottdale Healthcare and Rehabilitation Center; (5) Beaver Healthcare and Rehabilitation Center; and (6) Mulberry Healthcare and Rehabilitation Center (the "Facilities").

4. The Defendants subsequently defaulted on their respective loan obligations.

5. On or about March 6, 2024, Revere Tactical filed a Complaint and Emergency Application for Appointment of Receiver [ECF 1] in this Court.

6. Therein, Revere Tactical sought various relief, including emergency appointment of a temporary receivership.

7. By separate orders entered on March 7, 2024, the Emergency Application for Appointment of Receiver was granted and Michael F. Flanagan was appointed as the Receiver.

8. Thereafter, on November 13, 2024, the Receiver filed a Motion Pursuant to Order of March 7, 2024 (ECF 4), Paragraph 4(s) for Order Approving Sale of Receivership Assets [ECF 46] was filed.

9. Therein, the Receiver sought, *inter alia*, "entry of an order … authorizing the proposed procedures for the judicial sale of Receivership Assets … free and clear of all liens (including those related to any nursing facility assessments due to the Commonwealth of Pennsylvania or its Department of Human Services), all claims, all encumbrances or other interests…" Motion [ECF 46], at 2.

10. Because the proposed order purports to authorize the sale of assets free and clear of, *inter alia*, liens and other obligations, PA DHS objects to the issuance of such order.

11. Title 55 of the Pennsylvania Code covers Human Services. Part III of Title 55 is entitled Medical Assistance Manual for the Commonwealth's Medical Assistance ("MA") program and "sets forth the MA regulations and policies which apply to providers." 55 Pa. Code § 1101.11 (relating to General provisions).

12. Under the General Provisions chapter of the Medical Assistance Manual, there is a provision for "Enrollment and ownership reporting requirements." *See* 55 Pa. Code 1101.43.

13. Within this section, subsection (b)(3) further provides as follows:

> (b) *Ownership reporting requirements.*
>
> \* \* \* \* \* \* \* \*
>
> (3) *The effect of change in ownership of a nursing facility.* When there is a change in ownership of a nursing facility, the Department will enter into a provider agreement with the buyer or transfer the current provider agreement to the buyer subject to the terms and conditions under which it was originally issued, if:
>
>> (i) Applicable State and Federal statutes and regulations are met.
>>
>> (ii) The buyer has applied to the Division of Provider Enrollment, Bureau of Provider Relations, Office of MA, Department of Human Services, and has been determined to be eligible to participate in the MA Program.
>>
>> (iii) The seller has repaid to the Department monies owed by the seller to the Department as determined by the Comptroller, Department of Human Services.

55 Pa. Code § 1101.43(b)(3).

14. The Department believes that this section precludes the sale of assets as requested by the Receiver because the conditions set by this section have not been satisfied.

15. Particularly, the Department contends that a potential sale must comply with all duly-promulgated state regulations, including the requirement that the seller of a nursing facility first repay monies owed to the Department before the Department is required to issue a provider agreement to the buyer. Such requirement may not be waived by this Court.

16. In fact, "[i]n order to be eligible to participate in the MA Program, Commonwealth-based providers shall be currently licensed and registered or certified or both by the appropriate State agency, complete the enrollment form, sign the provider agreement specified by the Department, and meet additional requirements described in this chapter and the separate chapters

3

relating to each provider type. The Department may at its discretion refuse to enter into a provider agreement." 55 Pa. Code § 1101.42.

17. Therefore, the Department is under no obligation to enter into a provider agreement with buyer, which is a necessary predicate for participation in the MA Program, until the seller "has repaid to the Department monies owed by the seller[.]" 55 Pa. Code § 1101.43(b)(3).

18. As a result, the buyer may not get the benefit of its bargain to the extent it assumed it could be enrolled in the MA Program by purchasing the Facilities' assets, as the Department would not be under an obligation to enroll buyer until the seller satisfies the monies it owes the Department.

19. As of February 25, 2025, the Department calculated that the Facilities owe $2,666,096.33 in nursing facility assessment obligations imposed under the authority of the Pennsylvania Nursing Facility Assessment Law, 62 P.S. §§ 801-A *et seq.*, inclusive through April 21, 2025 (the "Amount Owed").

20. Because Facilities owe the Amount Owed, and because the Department contends the Receiver is without authority to ask this Court to essentially waive and order the Department to not enforce a duly-promulgated state regulation, the Department objects to the Receiver's efforts to request this Court to discharge the debts the Facilities owe to the Department.

21. Further, under the MA program, PA DHS has the authority to implement a monetary assessment on nursing facilities in the Commonwealth. *See* 62 P.S. §§ 801-A *et seq.* (otherwise referred to as the "Nursing Facility Assessment Program" or "Program"). The purpose of the annual monetary assessment is to generate additional revenues for MA recipients to have access to medically necessary nursing facilities. 62 P.S. § 802-A, Authorization.

22. The monetary assessment, in turn, is utilized to "draw down" additional federal matching funds as permitted by the Federal Government in the administration of the MA/Medicaid program. The proceeds from the monetary assessment and the federal matching funds are then used to make supplemental payments to MA-participating nursing facilities.

23. The Department's Office of Long Term Living, Bureau of Finance monitors and administers the Nursing Facility Assessment Program.

24. "The assessment shall be implemented on an annual basis as a health care-related fee as defined in section 1903(w)(3)(B) of the Social Security Act (49 Stat. 620, 42 U.S.C. § 1396b(w)(3)(B)) or any amendments thereto…" 62 P.S. § 803-A, Implementation.

25. This assessment meets the definition of "broad-based health care related tax" as defined in Section 1903(w)(3)(B) of the Social Security Act, and would also qualify as a priority claim pursuant to Section 507(a)(8)(E) of the Bankruptcy Code.

26. Therefore, the Department contends that, to the extent Receiver contends that Facilities are unable to pay the Amounts Owed, the Department may be better off asserting a claim in bankruptcy court given its, at a minimum, unsecured priority status under Section 507(a)(8)(E) of the Bankruptcy Code.

27. In other words, the Department may be able to assert an unsecured priority claim against the Debtors in the total amount of Two Million Six Hundred Sixty Six Thousand Ninety Six Dollars and Thirty Three Cents ($2,666,096.33) if this matter was under a bankruptcy court's jurisdiction.

28. This ability to assert the Amount Owed as an unsecured priority claim under Section 507(a)(8)(E) of the Bankruptcy Code, where the Department at least faces some prospect of

recovery, would put the Department in a materially better position than the Receiver's proposed relief here, in which the Department would not be able to recover any of the Amount Owed.

29. To the extent the Department would file a claim in bankruptcy, such claim would be made by PA DHS under its authority pursuant to the Nursing Facility Assessment Program and is without prejudice to any claims that may be held by any other offices, boards, commissions, or agencies of the Commonwealth of Pennsylvania. That claim would also be made without prejudice to any claims that the Commonwealth may have against any principals and any other third parties.

WHEREFORE, the Pennsylvania Department of Human Services respectfully requests that this Honorable Court accept the forgoing objection to Receiver's Motion Pursuant to Order of March 7, 2024 (ECF 4), Paragraph 4(s) for Order Approving Sale of Receivership Assets [ECF 46] and enter an appropriate order thereon.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

Office of Attorney General
Litigation Section
1521 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

Phone: (412) 565-3586
Fax:    (412) 565-3019

 s/ Scott A. Bradley
SCOTT A. BRADLEY
Senior Deputy Attorney General
Attorney I.D. No. 44627
sbradley@attorneygeneral.gov

NICOLE R. DiTOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Pennsylvania Department of Human Services*

Date: April 14, 2025