UNITED STATUES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REVERE TACTICAL OPPORTUNITIES REIT, LLC, | : <br> : <br> : |
| Plaintiff, | : <br> ; |
| v. | : Case No. 3:24-cv-52 <br> : |
| JEFFERSON HILLS ACQUISITION LLC, BEAVER HEALTHCARE REAL ESTATE, LLC, MULBERRY HEALTHCARE REAL ESTATE, LLC, RIDGEVIEW HEALTHCARE REAL ESTATE, LLC, LAKEVIEW HEALTHCARE REAL ESTATE, LLC, SCOTTDALE HEALTHCARE REAL ESTATE, LLC, JEFFERSON HILLS OPERATING, LLC, BEAVER HEALTHCARE OPERATING, LLC, MULBERRY HEALTHCARE OPERATING, LLC, RIDGEVIEW HEALTHCARE OPERATING, LLC, LAKEVIEW HEALTHCARE OPERATING, LLC, and SCOTTDALE HEALTHCARE OPERATING, LLC, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**AMENDED ORDER GRANTING RECEIVER'S MOTION TO APPROVE PROCEDURES FOR SALE OF RECEIVERSHIP ASSETS FREE AND CLEAR OF LIENS, CLAIMS, EMCUMBRANCES AND OTHER INTERSTS AND CONDUCT OF SUCH SALE BY PUBLIC AUCTION**

AND NOW, this ___7th___ day of ___July___, 2025, upon consideration of: (a) Receiver's Motion pursuant to Order of March 7, 2024 (ECF 4), Paragraph 4(s) for Order Approving Sale of Receivership Assets

2

(ECF 46), and (b) the Memorandum of Law in support of the Motion (ECF 47) (collectively, the "Motion")[2], and upon further consideration of any objections, responses, and replies to the Motion; and due and appropriate notice of the Motion, the relief requested therein, and the hearing thereon having been given; and the hearing to consider the relief requested in the Motion having been held and concluded; and after due deliberation and consideration, and for good and sufficient cause appearing therefor, both on the record and as otherwise shown, it is hereby **ORDERED** that:

1. <u>Motion Granted</u>. The Motion is GRANTED in all respects.

2. <u>Objections Overruled</u>. All objections to the Motion to the extent not withdrawn or resolved, and all reservations of rights included therein, are hereby OVERRULED.

3. <u>Sales Procedures</u>. The Sales Procedures outlined in the Motion, including without limitation the form of Notice attached as Exhibit A to this Order (the "<u>Notice</u>"), are hereby APPROVED in all respects.

4. <u>Stalking Horse Contract</u>. The terms and conditions of the Asset Purchase Agreement and the Operations Transfer Agreements with the Stalking Horse are hereby APPROVED, subject to higher and/or better offers. The Receiver is authorized, without any further authorization from the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

3

Court, to adhere to the Sales Procedures in regard to the sale of the Facilities and sell the Facilities, either to the Stalking Horse or to the Successful Bidder, including authorized to sign any documents required for closing or the recording of deeds.

5. <u>Sale Free and Clear.</u>

Except for, and subject to, the Loan Assumption contemplated in the Asset Purchase Agreement, the sale of the Facilities shall be free and clear of all liens, mortgages, claims, encumbrances, causes of action, and interests, including any interests, claims or liens for unpaid nursing facility assessments that may be due to the Commonwealth of Pennsylvania, Department of Human Services pursuant to Article VIII-A of the Human Services Code (62 P.S. §§ 801-A to 815-A), with such liens, mortgages, claims, encumbrances, causes of action, and interests, to attach to the sale proceeds in the same order as they existed immediately prior to the date of this Order.

6. <u>Payment of Sale Proceeds to Plaintiff</u>.  The Receiver is authorized and directed to pay over to Plaintiff the proceeds from the Sale, net of any sums due to the Receiver pursuant to the Order of March 7, 2024 (ECF 4) to the extent they do not exceed the amount due Plaintiff, with any proceeds in excess of such amount, if any, to be held for the administration

of other claims as may be hereafter authorized by the Court pursuant to Paragraph 36 of the Order of March 7, 2024 (ECF 4). All closing costs for the sale shall be paid by the Buyers.

    7.    <u>Publication of Notice of Public Auction</u>. The Receiver shall publish a notice of the proposed sale in the publications listed below for at least four weeks prior to the sale. The notice of the proposed sale shall be in the form attached as Exhibit A hereto, provided, however, the Receiver, in his discretion, shall be permitted to alter the format and font size of the Notice for publication:

PITTSBURGH POST-GAZETTE

JEFFERSON DEMOCRAT (JEFFERSON COUNTY)

THE PROGRESS (CLEARFIELD COUNTY)

THE BRADFORD ERA (BRADFORD/McKEAN COUNTIES)

THE DAILY COURIER (WESTMORELAND COUNTY)

PITTSBURGH LEGAL JOURNAL

BEAVER COUNTY LEGAL JOURNAL

BRADFORD COUNTY LAW JOURNAL

JEFFERSON COUNTY LEGAL JOURNAL

CLEARFIELD COUNTY LEGAL JOURNAL

WESTMORELAND LAW JOURNAL

8. <u>Qualified Bidders</u>. Any entity that wishes to participate in the bidding process (each, a "<u>Potential Bidder</u>") must first qualify as a "<u>Qualified Bidder</u>" by satisfying the following requirements: (a) executing a confidentiality agreement; and (b) delivering (i) financial information acceptable to the Receiver in his sole discretion evidencing such Potential Bidder's ability to timely close a proposed transaction and (ii) such other information as may be requested by the Receiver or the Plaintiff.

9. <u>Competing Offers</u>. Only Qualified Bidders may receive any information regarding the facilities or participate in the bidding process. Any Qualified Bidder who wishes to make an offer for the purchase of the Specified Receivership Assets must make a competing offer for all of the Specified Receivership Assets as one package, on the terms and conditions substantially the same in all respects to the terms and conditions set forth in the Asset Purchase Agreement with the Stalking Horse and in accordance with the procedures set forth herein (a "<u>Competing Offer</u>"), the contingency requirements in Section 3.1(a) of the Asset Purchase Agreement as to existing loans. A Competing Offer must be at least $37,669,000 and must be

submitted to the Receiver in the form of (a) a purchase and sale agreement showing the modifications from the Asset Purchase Agreement with the Stalking Horse; (b) a clean, executed copy of the modified asset purchase agreement; and (c) any other bid package requirements specified below for Qualifying Bids, including the Good Faith Deposit. The Competing Offer must contain conditions to closing no less favorable than the conditions in the Asset Purchase Agreement with the Stalking Horse.

10. <u>Submission of Competing Offers</u>.

Competing Offers must be submitted so as to be <u>received</u> at least six (6) business days prior to the date of the public auction, i.e., by Monday, August 25, 2025 (the "<u>Bid Deadline</u>"), which deadlines shall be set by the order approving these proposed sale procedures: <u>the date of receipt not the date of mailing will be dispositive</u>. The original of a Competing Offer (including the Good Faith Deposit) must be **delivered to the Receiver at the following address below**, with <u>copies of all other documents emailed to</u> designated counsel below at their addresses:

- *TO THE RECEIVER:* Michael F. Flanagan, *Receiver,* 7611 State Line Road (Suite 303), Kansas City, MO 64114 (Phone: 913-269-8280) (Email: MikeFlanagan@MFFLLC.com)

- *Craig I. Adler, Esquire,* Capozzi Adler, P.C., 2933 North Front Street, Harrisburg, PA 17110-1250 Email: CraigA@CapozziAdler.com) - *counsel to the Receiver*

- *Eugene A. Giotto, Esquire,* Cozen O'Connor, P.C., One Oxford Centre (41st floor), 301 Grant Street, Pittsburgh, PA 15219 ) (Email: egiotto@cozen.com)), counsel for Plaintiff

**Any Qualified Bidder whose Competing Offer is <u>received by the Receiver after the 6-day Deadline</u> but prior to the date of the Public Auction may, in the Receiver's sole discretion, be prohibited from participating in the public auction.**

11.  <u>Qualifying Bids</u>.  The Receiver in consultation with Plaintiff shall determine when a Competing Offer submitted by a Qualified Bidder constitutes a "<u>Qualifying Bid</u>," and, in making that determination, the Receiver may consider the extent to which the Competing Offer complies with the following (the Receiver having the right to waive compliance as to any thereof in his sole discretion):

- such Competing Offer is received by the Receiver no later than the Bid Deadline;

- such Competing Offer is in writing and sets forth the material terms and conditions for such Competing Offer;

- such Competing Offer is on terms and conditions substantially similar to or better than those

8

contained in the Asset Purchase Agreement with the Stalking Horse;

- the cash to be paid pursuant to such Competing Offer exceeds, by an amount to be determined by the Receiver, the total of the purchase price to be paid by the Stalking Horse;

- the Competing Offer contains no financing contingencies or due diligence contingencies of any kind or any other conditions precedent to the Qualified Bidder's obligations to consummate the transaction;

- such Competing Offer remains open, unchangeable, and irrevocable (except to increase the purchase price at public auction) until it is either (i) accepted as the highest and best bid at the public auction and, if so selected, through the closing of the sale or (ii) rejected at the close of the public auction upon such Competing Offer not having been selected as the highest and best bid;

- such Competing Offer is accompanied, on or before the Bid Deadline, by a Good Faith Deposit (as defined herein) in the amount of $1,000,000.00 (One Million Dollars);

- such Competing Offer is not subject to the approval of the Qualified Bidder's board of directors or any other approval body of such Qualified Bidder; and

- such Competing Offer contains evidence that the Qualified Bidder submitting it has cash on hand and/or has received debt and/or equity funding commitments sufficient, in aggregate, to finance the purchase contemplated thereby, including, without limitation, either an unconditional lending commitment from a recognized banking

9

> institution in the amount of such Competing Offer or the posting of an unconditional, irrevocable letter of credit from a recognized banking institution issued in favor of the Receiver in an amount of such Competing Offer.

The Stalking Horse shall be deemed a Qualified Bidder and having made a timely Qualified Bid, in addition to any other Qualified Bidder determined by the Receiver in his sole discretion; and may participate in the Public Auction.

12. <u>Good Faith Deposit</u>.

The cash deposit submitted by each Qualified Bidder in conjunction with its Qualifying Bid (each a "<u>Good Faith Deposit</u>") shall be held in trust by the Receiver and shall not be interest bearing. The cash deposit can be made in cash, certified check, cashier's check or wire transfer pursuant to instructions provided by Counsel for the Receiver identified above. The Good Faith Deposit of the Successful Bidder (as defined below) shall be applied against the ultimate purchase price and any closing costs (including the Receiver's 1% sale disposition fee pursuant to § 22 of the Receivership Order). The Good Faith Deposits of Qualified Bidders other than the Successful Bidder shall be returned within five business days after the conclusion of the public auction. If the Successful Bidder fails to consummate the sale because of a breach or failure to perform on the Successful Bidder's part, the Good Faith Deposit of such Successful Bidder

10

shall be forfeited to the Receiver as liquidated damages. Such forfeiture shall not be the Receiver's sole remedy against such Successful Bidder for breach and failure to consummate the sale, however, and in the alternative the Receiver shall have all other rights and remedies, at law or in equity, against such Successful Bidder, including the remedy of specific performance.

13. <u>The Public Auction</u>.

If more than one Qualified Bid is received (but not if the Stalking Horse's bid is the only Qualified Bid), the Receiver will conduct a public auction on Wednesday, September 3, 2025 at 9:00 AM (Eastern Time then prevailing) in person at the Law Office of Cozen O'Connor, One Oxford Centre, 301 Grant Street (41st Floor), Pittsburgh, PA 15219, although the Receiver may determine in his discretion to provide a ZOOM link for additional participants with the link to be provided in advance by the Receiver to all Qualified Bidders. The Receiver shall notify the Stalking Horse, and all Qualified Bidders by email of the time, date, Zoom Link for the auction and shall file a notice of same on the docket in this action no later than five business days prior to the auction. If the Stalking Horse's bid is the only Qualified Bid, then no public auction shall be required or conducted; and the Receiver shall be authorized to close on the Sale with

the Stalking Horse pursuant to the APA and OTAs without further Order of the Court.

14. <u>Conduct of Auction</u>.

During the public auction, bidding shall begin initially with the highest Qualifying Bid, and subsequently continue in minimum increments of $250,000.00. The public auction will continue until no other Qualified Bidder wishes to increase its Qualifying Bid to more than the minimum increment greater than the previous Qualifying Bid.

15. <u>Evaluation of Bids at Auction</u>. The Qualified Bidder that submits the highest and best bid, as determined by the Receiver in his sole discretion in consultation with Plaintiff, shall be deemed the "<u>Successful Bidder</u>." The highest and best bid may be determined by considering, among other things:

    a.    the number, type, and nature of any changes to the Asset Purchase Agreement of the Stalking Horse requested by each Qualified Bidder;

    b.    the purchase price;

    c.    the likelihood that a Qualified Bidder can, and will, close the proposed transaction;

    d.    the net benefit to the receivership estate; and

such other factors as the Receiver may deem relevant in his sole discretion. Immediately following the close of the public auction, the Successful Bidder, if it has not already done so, shall complete and sign all agreement(s), contract(s), instrument(s), or other document(s) evidencing and containing the terms and conditions upon which the highest and best bid was made.

16.   Amendment of the Sales Procedures. The Receiver may: (a) impose at or before the public auction such other and additional terms and conditions as it deems appropriate; and (b) adjourn the public auction to a later date and time.

17.   Closing the Sale and Refund of Deposit.

If there are no Qualified Bidders other than the Stalking Horse, the Receiver shall, without the need for further Court approval, proceed to close the sale with the Stalking Horse. If the Public Auction is required because more than one Qualified Bid has been presented, then, after the completion of the Public Auction and the determination of the Successful Bidder by the Receiver, the Receiver shall file a Motion with the Court to obtain confirmation of the Successful Bidder and authorization to close the sale with the Successful Bidder prior to closing the Sale with the Successful Bidder. If an entity other than the Stalking Horse is the Successful Bidder,

immediately upon the Receiver's consummation of a sale to the Successful Bidder, the Receiver shall refund the Stalking Horse's deposit as set forth in the Asset Purchase Agreement.

18. <u>Confirmation of Sale</u>.  In the event that there is no Qualified Bidder other than the Stalking Horse, the sale to the Stalking Horse as reflected in Exhibits A and B to the Motion shall be deemed CONFIRMED automatically and without further need for a hearing or subsequent order upon (a) Plaintiff or Receiver's filing of a notice of cancellation of the public auction on the docket of this action, and (b) the Plaintiff or Receiver filing of a certification that the Sale Procedures outlined herein have been adhered to.  In the event that a Qualified Bidder that is not the Stalking Horse becomes the Successful Bidder, the Receiver shall file a notice of such sale on the docket and contact chambers to schedule a hearing to confirm such sale.

19. <u>Regulatory Approvals</u>.  This Order is subject to the Successful Bidder's affiliated New Operators' receipt of the following licenses and/or regulatory approvals:  (a) a letter from the Department of Health of the Commonwealth of Pennsylvania authorizing the closing of the five nursing facility changes of ownership; (b) a certificate of compliance from the Department of Human Services of the Commonwealth of Pennsylvania for the one personal care home; and (c) approval for the issuance of a

certification of registration from the Insurance Department of the Commonwealth of Pennsylvania for the two continuing care retirement communities (collectively, the "Regulatory Approvals"). Nothing in this Order shall be construed to require any of the foregoing Departments to grant such Regulatory Approvals.

BY THE COURT:

/s/ _Stephanie L. Haines_

UNITED STATES DISTRICT JUDGE